ERNEST M. CHAPIN, Appellant, v. GEORGE E. LEARNARD,
Respondent.

**Contract — profits — agreement to pay one-half net profits
from sale of stock — exchange of stock for other securities —
computation of profits.**

In an action to recover one-half of the net profits realized by the
defendant from the sale of certain stock, which it was found defendant
had agreed to pay to plaintiff as compensation for services, where it
appears that defendant sold or exchanged the stock for other securities,
plaintiff was entitled either to one-half the profits made by the defend-
ant upon the securities he received, or to one-half the securities in
kind after reimbursement of defendant's expenses. Profits may not
be determined by considering the new securities as the price of the
original stock and then computing the price at which the new securities
might have been sold, though in fact retained.

*Chapin* v. *Learnard*, 218 App. Div. 831, reversed.

(Argued June 16, 1927; decided July 20, 1927.)

APPEAL, by permission, from a judgment of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered December 31, 1926, unanimously affirming a
judgment in favor of plaintiff entered upon the report of a
referee.

*Chester B. McLaughlin, Robert McLeod Jackson* and
*Andrew Wilson* for appellant. The referee erred in the
rules applicable to computing the plaintiff's damages.
(Sedg. on Dam. [9th ed.] §§ 174, 193; *Bagley* v. *Smith,* 10
N. Y. 489; *Crittenden* v. *Johnston,* 7 App. Div. 258;
*Owens* v. *Durham,* 35 Ky. 536; *Huntington, etc., Co.* v.
*English,* 86 Penn. St. 247; *Matter of Jones,* 172 N. Y. 575;
*Matter of Dupignac,* 123 App. Div. 21; *People* v. *Saxe,*
177 App. Div. 16; 221 N. Y. 585; *Washburn* v. *National
Wall Paper Co.,* 81 Fed. Rep. 17; *Chicago Title, etc., Co.*
v. *Core,* 239 Ill. 58; *Wylde* v. *Northern R. R. of N. J.,* 53
N. Y. 165; *Timlin* v. *Standard Oil Co.,* 126 N. Y. 514.)
The plaintiff was entitled to an accounting for the purpose

of ascertaining just what profits the defendant made either in stock or cash. (*Smith* v. *Bodine*, 74 N. Y. 30; *Marvin* v. *Brooks*, 94 N. Y. 71; *Freeman* v. *Miller*, 157 App. Div. 715; *Everett* v. *De Fontaine*, 78 App. Div. 219; *Burns* v. *Niagara, Lockport & Ontario Power Co.*, 145 App. Div. 290; *Kraemer* v. *World Wide Trading Co., Inc.*, 195 App. Div. 305; *Hill* v. *Curtis*, 154 App. Div. 622; *Lardizabal* v. *Valentine*, 185 App. Div. 124; *Felbel* v. *Kahn*, 29 App. Div. 270.) Plaintiff is entitled to hold the defendant on an accounting to the highest values which the combustion securities shall have reached prior to the conclusion of the trial. (*Shephard* v. *Johnson*, 2 East, 211; *Romaine* v. *Van Allen*, 26 N. Y. 309; *Burt* v. *Dutcher*, 34 N. Y. 493; *Markham* v. *Jaudon*, 41 N. Y. 235.)

*Frank H. Hiscock* and *James Adam Murphy* for respondent. The court did not err in the rules applied to the computation of plaintiff's damages. (*Publishing Co.* v. *Steamship Co.*, 148 N. Y. 39; *Clemmer* v. *Merriken*, 144 Md. 675; *Murphy* v. *Dernberg*, 84 App. Div. 101; *Ward* v. *Powers*, 208 App. Div. 684.) The referee did not err as to the basis on which the value of the combustion securities should be computed. (*Joseph* v. *Sulzberger*, 136 App. Div. 499; *Butler* v. *Wright*, 103 App. Div. 463; *Barnes* v. *Brown*, 130 N. Y. 372; *Kirschmann* v. *Lediard*, 61 Barb. 573; *Matter of Jones*, 172 N. Y. 575; *People* v. *Coleman*, 107 N. Y. 541; *Parmenter* v. *Fitzpatrick*, 135 N. Y. 190; *Matter of Smith*, 71 App. Div. 602; *Isham* v. *Erie Railroad Co.*, 112 App. Div. 612; *Corn Exchange Bank* v. *Peabody*, 111 App. Div. 553; *Jelalian* v. *New York, New Haven & Hartford R. R. Co.*, 134 App. Div. 381; *Rathbone* v. *Ayer*, 121 App. Div. 355; *People* v. *Rushford*, 81 App. Div. 298; *Peschke* v. *Wright*, 93 Misc. Rep. 154; *Hoffman* v. *Conner*, 76 N. Y. 121.)

Lehman, J. The plaintiff has brought this action at law to recover one-half of the net profits realized by the

defendant from the sale of certain stock of the Cox Travelling Grate Company and also from certain selling rights to the Cox travelling grate, in accordance with a contract between the parties. The trial justice has found upon sufficient evidence that the defendant on December 5, 1913, promised to pay plaintiff compensation for his services measured by one-half such profits. The trial justice has also found that at various times the defendant sold or exchanged his shares in the Cox Travelling Grate Company for securities for the Combustion Engineering Company. Other findings are to the effect that defendant paid to plaintiff from time to time various sums of profits, and that defendant breached his contract on December 17, 1918. The date when the defendant broke or repudiated his contract would ordinarily be the date at which the damages would be computed. One-half the profits made should then have been paid. The sole question involved in this appeal is what were the profits at that date.

The trial judge has held that the profits were the value of the securities of the Combustion Engineering Company at the time they were received after deducting the defendant's expenses. He refused to allow the plaintiff any share of profits from subsequent increase of value in the securities, received by the defendant as consideration for his stock, which were retained by the defendant until the date of the breach. That, I think, was error. Though we may call the exchange of securities a sale, it was not such a sale as the parties contemplated should determine the profits made by the defendant on the stock of the Cox Travelling Grate Company. Before those profits were determined the securities so received must be disposed of. That was the attitude of both parties so long as the contract remained in existence. That is indeed the only reasonable explanation for the circumstance that plaintiff during this period received only small payments on account.

If, however, we assume that the exchange was a sale upon which the profits were to be computed, the defendant's position is little better. If the securities received for the original stock constituted the price of that stock, the plaintiff was then entitled upon demand to one-half of those securities after the defendant had reimbursed himself for his expenses. The defendant may not at the same time successfully claim that these securities constitute the price of the stock, and deprive the plaintiff of the benefit to be derived from the price received in securities instead of money by failing to give him the opportunity to determine whether he will hold the new securities or sell them. At the time of the breach of contract as found by the trial justice the plaintiff was entitled either to one-half the profits made by the defendant upon the securities he received, or to one-half the securities in kind after reimbursement of defendant's expenses. Profits may not be determined by considering the new securities as the price of the original stock and then computing the price at which the new securities might have been sold, though in fact retained.

For these reasons the judgment should be reversed and a new trial ordered. There is also, apparently, error in allowing the defendant as expenses incurred in the acquisition of the stock certain items other than the amount actually paid for the stock. In view, however, of requests to find by the plaintiff himself which seem to admit the justice of $2,565 included in such items, we should not now pass upon them.

The judgment of the Appellate Division and that of Special Term should be reversed and a new trial granted, with costs to abide event.

CARDOZO, Ch. J., POUND, CRANE and KELLOGG, JJ., concur; ANDREWS and O'BRIEN, JJ., vote to modify the judgment by increasing the amount thereof from $25,355.63 to $27,005.06 and as thus modified to affirm, without costs.

Judgment accordingly.